**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN RE:

Randolph S. Piloske,
Melissa R. Piloske,

                    DEBTORS.

_____/

CHAPTER 13
CASE NO. 13-47945-PJS
JUDGE PHILLIP J. SHEFFERLY

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

     **NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

     1.     Debtors' Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income may understate debtors' combined current monthly income. Although debtors have produced documentation concerning income for debtor-wife for the six calendar months preceding the commencement of this case, debtors have not produced any corresponding information for debtor-husband. Without complete information concerning debtor-husband's gross income during the six calendar months preceding the commencement of this case, it is impossible to determine whether debtors have annualized current monthly income in excess of the applicable family median income. As such, debtors' Plan fails to evidence compliance with 11 U.S.C. Section 1325.

     2.     Based upon the debtors' testimony at the First Meeting of Creditors, debtors have executed a new residential lease for property located in Jackson, Michigan. Debtors have not obtained Court permission to enter into that lease as is required by 11 U.S.C. Section 365, nor have debtors filed an Amended Schedule I or an Amended Schedule J to disclose the amount of the lease payment or the impact which that lease payment may have, if any, on debtors' ability to consummate their Chapter 13 Plan. Accordingly, debtors' Plan fails to comply with 11 U.S.C. Section 1325(a)(1) and 11 U.S.C. Section 1325(b).

     3.     The debtors' Plan fails to provide that all of the debtors' projected disposable income be utilized to fund the Plan. Specifically, the debtors' Schedule J has overstated the following expense(s) in contravention of 11 U.S.C. Section 1325(a)(3) and/or 11 U.S.C. Section 1325(b):

          a.     Transportation - $750.00 - this amount appears to be unreasonable and excessive under the circumstances of this case where both debtor-husband and debtor-wife both live and work in Jackson, Michigan.

    b.  Private School Tuition - $122.00.  Based upon the «debtors_LC1» testimony at the First Meeting of Creditors, this is an expense for the «debtors_LC1» child to attend private school.  The payment of private school tuition, however, is not a reasonable and necessary expense as required by 11 U.S.C. Section 1325(b).  *See, In re Rogers,* 65 B.R. 1018 (Bankr. E.D. Mi. 1986), *In re Kralowski,* Case No. 05-83229-MBM (Bankr. E.D. Mi. 2006) (Debtor in bankruptcy not permitted to subsidize college expenses for child); *In re Nelson,* 204 B.R. 497 (E.D. Tx. 1996)(Private school tuition not reasonably necessary for maintenance of Debtor's daughter); *In re Jones,* 55 B.R. 462 (Bankr. D. Minn. 1985)(Private school tuition is not a reasonably necessary expense); *In re Weiss,* 251 B.R. 453 (Bankr. E.D. Pa. 2000)(Private school tuition for Debtor's three children is not a "reasonably necessary expense"); *In re Watson,* 403 F. 3d. 1 (1st Cir. 2005)(Cost of private school tuition is not a reasonably necessary expense).

    c.  Home maintenance - $100.00 - this amount appears to be unreasonable and excessive under the circumstances of this case where debtors rent their residence and debtors have a separate "miscellaneous expense" of $100.00 per month.

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtors' Chapter 13 Plan unless modified to meet these objections.

            OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
            David Wm. Ruskin, Chapter 13 Standing Trustee

Dated: June 21, 2013     /s/ Thomas D. DeCarlo
            DAVID WM. RUSKIN (P26803)
            LISA K. MULLEN (P55478)
            THOMAS D. DECARLO (P65330)
            1100 Travelers Tower
            26555 Evergreen Road
            Southfield, MI 48076-4251
            Telephone (248) 352-7755

IN RE:

Randolph S. Piloske,
Melissa R. Piloske,

CHAPTER 13
CASE NO. 13-47945-PJS
JUDGE PHILLIP J. SHEFFERLY

DEBTORS.
_____/

## CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

I hereby certify that on June 21, 2013, I electronically filed the TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

ROBERT REIZNER
605 W. MICHIGAN AVENUE
JACKSON, MI 49201-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

Randolph S. Piloske
Melissa R. Piloske
806 Emmett Avenue
Jackson, MI 49203-0000

_____/s/ W. Noelle Balloid_____
W. Noelle Balloid
For the Office of the Chapter 13 Standing Trustee-Detroit
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
(248) 352-7755